UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-CR-00145-JMS-TAB |
| | ) | |
| RADAR TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus Stinson on February 4, 2013, directing this magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on February 1, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). All proceedings were held on February 27, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 19, 2013, defendant Radar Tyler appeared in person with his appointed counsel, Michael Donahoe. The government appeared by MaryAnn Totino Mindrum, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1] All proceedings were conducted before a court reporter. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Tyler of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Tyler questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Tyler and his counsel, who informed the court they had reviewed the Petition and that Mr. Tyler understood the violations alleged. Mr. Tyler waived further reading of the Petition.

3. The court advised Mr. Tyler of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Tyler was advised of the rights he would have at a preliminary hearing. Mr. Tyler stated that he wished to waive his right to a preliminary hearing.

4. Mr. Tyler stipulated that there is a basis in fact to hold him on the specifications of violation of supervised release as set forth in the Petition. Mr. Tyler executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Tyler of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Tyler stated that he would stipulate that the urinalysis referenced in violation number 1 in the Petition was positive and that he had not obtained employment. Mr. Tyler did

not, however, stipulate to any violation specified in the Petition and advised that he wanted to proceed with a hearing.  The court then conducted the hearing.

7.	The government presented the testimony of Officer Phillips, who testified that a urine screen of Mr. Tyler on December 28, 2012, was positive for cocaine and that when confronted with the result, Mr. Tyler denied use of cocaine and said that he had been somewhere where crack cocaine was being cooked and that it must have entered his system in that manner. He also testified that (a) Mr. Tyler has not obtained employment; (b) USPO had had to make multiple attempts to locate Mr. Tyler and that he had not met with USPO as arranged; (c) Mr. Tyler had not participated in prison programs and had refused to reside at a re-entry facility consistent with USPO's recommendation; and (d) Mr. Tyler needs structure, monitoring, and mental health services.

8.	Mr. Tyler testified on his own behalf.  He testified that (a) he had not used any illegal substances following his release; (b) he has been seeking mental health services and has a scheduled appointment; (c) he is not trained for employment and does not know what to do next; and (d) he has no need of a re-entry facility because he has done everything on his own.  Mr. Tyler offered into evidence Exhibits 1 (a Wishard account summary), 2 (a letter from a church program), 3 (a counseling document) and 4 (a certificate of completion of a church program). The exhibits were admitted without objection and ordered to be maintained under seal.

9.	Based on all the evidence received, the magistrate judge finds that Mr. Tyler committed the violations specified in numbers 2 and 3 of the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| 3 | On December 28, 2012, the offender submitted a urine sample which tested positive for cocaine. He denied using cocaine stating, "I am denying use of any illegal narcotic. However, I have reasons to believe that I came in contact with said narcotic (cocaine) without my knowledge." The sample was forwarded to Alere Laboratory and confirmed positive for cocaine. |
| | *"The defendant shall work regularly at a lawful occupation unless excused by the probation office for schooling,* |

10. The magistrate judge makes no finding with respect to the violation specified in number 1 of the Petition and does not consider that specification in the disposition of this matter.

11. The magistrate judge further finds that:

   (a) The most serious grade of violation committed by Mr. Tyler constitutes a Grade C violation (U.S.S.G. §7B1.1(b));

   (b) Mr. Tyler has criminal convictions that yield a criminal history category of II (U.S.S.G. §7B1.4(a)); and

   (c) According to to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Tyler is 27-33 months.

12. The magistrate judge has considered the testimony and other evidence, the nature of the violations found, and the arguments and positions of the parties and the USPO as to the appropriate disposition. In particular, the magistrate judge observes that Mr. Tyler, through his own testimony, has shown that he has been unable to comply with the conditions of his supervised release for lack of skills, stability, structure, and monitoring. The magistrate judge

therefore recommends that the appropriate disposition of the case is modification of Mr. Tyler's supervised release as follows: (a) Mr. Tyler shall reside for a period of 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe rules of that facility; and (b) Mr. Tyler shall participate in a program of mental health treatment as directed by the probation officer in addition to the treatment he has scheduled.

The court **NOW FINDS** that the defendant, RADAR TYLER, violated the conditions of supervised release numbers 2 and 3 as specified above and in the Petition. The defendant's supervised release is therefore **MODIFIED** as follows: (a) Mr. Tyler shall reside for a period of 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe rules of that facility; and (b) Mr. Tyler shall participate in a program of mental health treatment as directed by the probation officer in addition to the treatment he has scheduled.

The district judge may reconsider *de novo* the findings and recommendations of a magistrate judge as provided by 28 U.S.C. § 636(b)(1)(B) and (C). Any party desiring review has fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings and recommendations of this magistrate judge.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying the terms and conditions of RADAR TYLER's Supervised Release.

IT IS SO RECOMMENDED.

Date: 03/05/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

MaryAnn Totino Mindrum
Assistant United States Attorney
Maryann.mindrum@usdoj.gov

Michael Donahoe
Indiana Community Federal Defender
Mike_donahoe@fd.org

United States Probation Office

United States Marshal